UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDE TIPTON, as an individual; and C.T. and L.T., minor Plaintiffs by and through their guardian ad litem MICHAEL TIPTON,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON & QUANTICO HOUSING, LLC, and LPC PENDLETON QUANTICO PM LP,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-00167-W-AHG<br><br>**ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>**[ECF No. 21]** |

   Before the Court is the Petition for Approval of Minor's Compromise ("Petition") filed by Plaintiff Mande Tipton and Michael Tipton, parent and guardian *ad litem* of minor Plaintiffs C.T. and L.T., seeking approval of the compromise of C.T.'s and L.T.'s claims. ECF No. 21. The parties have jointly consented to the jurisdiction of the undersigned Magistrate Judge to directly decide the Petition pursuant to 28 U.S.C. § 636(c) and CivLR 17.1(a). ECF Nos. 22, 23. Accordingly, the Petition is properly before the undersigned for approval without the need to submit a report and recommendation to the presiding District Judge. *See* CivLR 17.1(a) ("The parties may, with district judge approval[,] consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the

entire settlement or compromise.").

After reviewing the Petition and all supporting documents, and for the reasons discussed below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Plaintiffs are one parent and two minor children. ECF No. 1-2 at 20-55 ("Compl.") ¶¶ 2–3. C.T. (13 years old) and L.T. (17 years old) ("Minor Plaintiffs") are minors appearing by and through their parent and guardian *ad litem*, Michael Tipton. *Id.*; ECF No. 21-2 ¶¶ 1–3. Plaintiff Mande Tipton is the other parent of Minor Plaintiffs. *Id.* ¶¶ 2-3.

Around July 2019, Plaintiffs leased the property at 138 Rupertus, San Clemente, California 92672 ("Leased Property"). ECF No. 21-2 ¶ 4. Minor Plaintiffs resided at the Leased Property at all relevant times to this case. Compl. ¶¶ 2-3. Plaintiffs allege that the "grossly negligent maintenance of the [L]eased [P]roperty by the Defendants . . . are responsible for Plaintiffs' exposure to black mold and other toxic chemicals which negatively impacted the health and well-being of Plaintiffs." ECF No. 21-2 ¶ 5. Based on these allegations, Plaintiffs brought twelve state law claims against Defendants, including negligence, intentional infliction of emotional distress, breach of implied warranty of habitability, premises liability, and fraud. Compl. ¶¶ 98–220.

Over the course of fifteen months at the Leased Property, Plaintiffs reported around thirty-one water leak, mold, and mildew issues to Defendants. *Id.* ¶ 14. These reports included visible mold and a musty odor in the Minor Plaintiffs' bedrooms. *Id.* ¶¶ 15, 17. After six months of living at the Leased Property, around January 2020, Plaintiff C.T. began to experience apnea, difficulty breathing, sleep walking, rashes, and behavioral issues. *Id.* ¶¶ 26, 31. C.T. was previously diagnosed with apnea and sleep walking but did not experience symptoms until after living at the Leased Property. *Id.* During October 2020, Plaintiff L.T. experienced psychological symptoms and difficulty breathing. *Id.* ¶ 30; ECF No. 21–2 ¶ 6.

According to the Complaint, later in October 2020, Defendants cut out a portion of the Leased Property's wall and installed a blower to dry the mold. Compl. ¶ 41. Plaintiffs

were told they could continue to live at the property with the blower running at all hours, day and night, and the open wall. *Id.* Plaintiffs then arranged for an environmental home inspection, which confirmed "unacceptable" spore levels. *Id.* ¶ 62. Around November 2020, Plaintiffs were moved to a hotel so that Defendants could remediate the Leased Property. *Id.* ¶ 63. Plaintiffs also had to wait for a third-party vendor to clean any personal items and for an environmental testing group to test and "clear[]" the property before they were able to move back into the Leased Property in January 2021. *Id.* ¶ 83. After returning to the Leased Property, Plaintiffs assert they discovered that the kitchen was not properly remediated. *Id.* ¶ 87. Plaintiffs state that they were "forced" to return to living in a hotel again in February 2021 while Defendants attempted to fix the kitchen. *Id.* ¶ 88. After the remediation, C.T.'s and L.T.'s health seemed to improve. *Id.* ¶ 89.

Court-facilitated settlement efforts in May 2022, including an Early Neutral Evaluation Conference and a double-blind Mediator's Proposal, were not successful in leading to a resolution of the case. *See* ECF No. 13. However, approximately two months thereafter, the parties filed a joint notice of settlement on July 21, 2022. ECF No. 18. On August 9, 2022, Mr. Tipton filed the instant petition for approval of the minors' compromise of claims, seeking court approval the proposed settlement. ECF No. 21. Under the terms of the settlement, Plaintiffs agreed to accept a total of $145,000 in exchange for dismissing their claims against Defendant. ECF No. 21-2. The amount will be split as follows: $135,000 to Plaintiff Mande Tipton, $5,000 to C.T., and $5,000 to L.T. *Id.* Plaintiffs request that the settlement proceeds slated to go to the Minor Plaintiffs be paid to their parents without bond under the conditions specified in California Probate Code §§ 3401-3402. *Id.*

## II. LEGAL STANDARD

It is well-settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or

incompetent person who is unrepresented in an action."). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate courts within this district fulfilling the duty to safeguard, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR 17.1(a). In determining whether to approve a settlement of a minor's claims, the Court must evaluate whether the settlement is in the best interests of the minor, by considering not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor in accordance with California Probate Code §§ 3600, *et seq*. *See* CivLR 17.1(b).

A minor's settlement of state law claims must also be approved by the Court. The California Probate Code provides the applicable statutory scheme for approval of a minor's compromise under state law. *See* Cal. Prob. Code §§ 3601 *et seq*. Under California law, the court must evaluate the reasonableness of the settlement and determine whether the compromise is in the best interest of the minor. *A.M.L.*, 2014 WL 12588992, at *3 (citations omitted). The court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Super. Ct.*, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994); *see also Peason v. Super. Ct.*, 136 Cal. Rptr. 3d 455, 459 (Cal. Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can

have a binding effect on the minor.").

Because the Plaintiffs' claims in this case are governed by California law, the Court will review the settlement with an emphasis on the state standard. The state standard focuses on the "best interests of the minor." However, to ensure that all potentially relevant factors are considered, the Court will also apply the *Robidoux* standard of determining whether the net amount distributed to the minor plaintiffs (without regard to the proportion of the settlement allocated to adult co-plaintiffs or attorney fees) is "fair and reasonable." *See A.M.L.*, 2014 WL 12588992 at *3 (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to approval of minor's compromise in case involving state law tort claims, because the proposed settlement would satisfy both standards).

### III. DISCUSSION

On July 21, 2022, the parties filed a joint notice of settlement. ECF No. 18. Plaintiffs then filed a petition for approval of the settlement with respect to the compromise of Minor Plaintiffs' claims on August 9, 2022. ECF No. 21. If the settlement is approved by the Court, Plaintiffs will be forever barred from seeking any further recovery or compensation from Defendant on the claims that are proposed to be dismissed.

To fulfill the special duty of safeguarding the interests of the minors, this Court will analyze (A) the proposed settlement, (B) the method of disbursing Minor Plaintiffs' net recovery, and (C) the proposed attorney fees and costs.

#### A. Proposed Settlement

Under the terms of the proposed settlement, Plaintiffs agreed to accept a total of $145,000 in exchange for dismissing their claims against Defendant. ECF No. 21-2 ¶ 8. Each Minor Plaintiff is receiving $5,000, with the remaining $135,000 going to the parent Plaintiff. *Id.* Plaintiffs propose that $1,250, or 25% of the total award, in attorney fees be deducted from each Minor Plaintiff's settlement proceeds. ECF No. 21-2. Therefore, if the settlement is approved by this Court, each Minor Plaintiff's net settlement amount would be $3,750. *Id.*

This action commenced on December 15, 2021, when Plaintiffs filed their Complaint in state court. ECF No. 1-2 at 20. Defendants removed the action to this Court on February 4, 2022. ECF No. 1. The parties have had since April 1, 2022, to conduct discovery, which is enough time to develop the facts of this case. *See* ECF No. 11 ¶ 4. While ultimately not fruitful, on May 26, 2022, the parties met for an ENE and the Court thereafter issued a Mediator's Proposal, which was not accepted. ECF No. 13. The Court then issued a Scheduling Order. ECF No. 14.

However, settlement negotiations continued between the parties after the Mediator's Proposal was rejected, and they were able to reach a settlement privately on July 21, 2022. ECF No. 18. Having personally facilitated the ENE and fashioned the Mediator's Proposal, the undersigned is uniquely positioned to affirm that the settlement reached by the parties represents a fair outcome for both sides. Further, given the time range over which settlement negotiations continued, the Court finds that Minor Plaintiffs' parents, Plaintiff Mande Tipton and guardian *ad litem* Michael Tipton, approached settlement negotiations with the best interests of Minor Plaintiffs' in mind, giving thoughtful consideration to all settlement offers presented and showing a willingness to continue on the litigation track if they could not reach a settlement they believed was commensurate with the value of all Plaintiffs' claims, including those of Minor Plaintiffs. Additionally, the Court finds that the proposed settlement allows for the certainty of recovery for the Minor Plaintiffs as compared to the uncertainty associated with a trial.

The Court has performed its own review of cases involving facts similar to those at issue here and finds the Minor Plaintiffs' net recoveries of $3,750 each is fair and reasonable under the circumstances. *See Whale v. Lincoln Military Prop. Mgmt.*, No. 3:22-cv-00160-CAB-JLB, 2022 WL 1746613, at *4–*5 (S.D. Cal. May 31, 2022); *see also Prunty v. Camp Pendleton & Quantico Housing LLC*, 3:20-cv-00572-MMA, 2020 WL 8996762, at *1, *3 (S.D. Cal. Oct. 16, 2020). In *Whale*, a case with very similar facts to the one at hand and involving the same Defendants, the Court found that identical net settlement amounts of $3,750 for each minor plaintiff were fair and reasonable. 2022 WL

1746613 at *5. The minor plaintiffs in that case alleged that they experienced headaches, nausea, and bloody noses because the defendants failed to adequately clean mold in their housing. *Id.* at *4. Like Minor Plaintiffs here, both minors in *Whale* fully recovered from their symptoms. *Id.* Additionally, in *Prunty*, another case settled against most of the same defendants arising out of similar mold allegations, the Court approved a slightly larger net recovery of $4,854.61 each for three minor plaintiffs. *Id.* at *2. There, the minor plaintiffs suffered wheezing and coughing, which resulted in a short hospital stay. *Id.* The severity of minor plaintiffs' injuries in *Prunty* contribute to their increased settlement amount. *See id.* at *3. In contrast to the minor plaintiffs in *Prunty*, Minor Plaintiffs' symptoms in the case at hand did not lead to hospitalization and were not permanent, indicating that a slightly lower settlement recovery is appropriate here. In yet another case in this district, the Court approved similar settlement amounts for minor plaintiffs who suffered wheezing and coughing because of the defendants' purported failure to remediate mold in their leased housing. *Smith v. AMETEK Inc.*, 3:22-cv-2359-TWR-BLM, 2021 WL 4077580, at *2–*3 (S.D. Cal. Sept. 8, 2021). The minor plaintiffs there received $3,669.50 and $2,206.72 for their injuries, from which they both fully recovered, like the minor plaintiffs in *Whale* and like Minor Plaintiffs here. *Id. see also Whale*, 2022 WL 1746613, at *4–*5.

Based on these similar recoveries in similar actions, consideration of the facts, Plaintiffs' claims, the risks associated with trial, and the non-severe nature of Minor Plaintiffs' alleged injuries, the Court concludes the proposed settlement of $3,750 to each Minor Plaintiff is fair and reasonable under both California and federal law standards.

### B. Method of Disbursement

Both C.T.'s and L.T.'s settlement amounts do not exceed $5,000 and can thus be paid or delivered to their parent pursuant to Cal. Prob. Code § 3611(e). This payment must follow the terms and conditions in Cal. Prob. Code § 3400. Cal. Prob. Code § 3611(e).

Under § 3401, where a minor does not have a guardian of the estate, money belonging to the minor may be paid to his parent "to be held in trust for the estate of the minor until the minor reaches majority" if the following requirements are met: (1) the total

estate of the minor, including the money to be paid to the parent, does not exceed $5,000 in value; and (2) the parent to whom the money is to be paid or delivered gives the person making the payment or delivery written assurance, verified by the oath of such parent, that the minor's total estate (including the money to be paid to the parent) does not exceed $5,000 in value. Cal. Prob. Code § 3401(a), (c).

The proposed disbursement of each Minor Plaintiff's settlement amount meets both requirements of Section 3401, as each minor Plaintiff is receiving a net amount of $3,750 and Mr. Tipton has provided a declaration stating that each Minor Plaintiff's estate is valued at less than $5,000. ECF No. 21-2. Mr. Tipton further declared that he would maintain the minors' settlements in a trust until the minors reach the age of majority. *Id.* Therefore, because Plaintiffs' proposed method of distribution of the settlement proceeds to the Minor Plaintiffs fulfills the requirements under § 3401, the Court may approve the disbursement of the proceeds to their father, Mr. Tipton, in accordance with Cal. Probate Code § 3611(e).

### C. Attorney Fees and Costs

Attorney fees and costs are typically controlled by statute, local rule, or local custom. Fees in minors' compromise cases have historically been limited to 25% of the gross recovery. In California, courts are required to approve the attorney fees to be paid for representation of a minor. *See* Cal. Prob. Code § 2601; Cal. Rule of Ct. 7.955. In instances where a contingency fee has been proposed, "most courts require a showing of good cause to award more than 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 27, 2008) (internal quotation marks omitted). *See also Napier v. San Diego*, No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. Nov. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery").

To be clear, the Court is not bound by the historical limitation of 25% of the gross recovery. Instead, the Cal. Probate Code § 3601 requires courts to approve "reasonable

expenses . . . including . . . attorney's fees." Further, California Rules of Court 7.955 states that "[i]n all cases under . . . Probate Code sections 3600-3601, unless the court has approved the fee agreement in advance, the court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability." Cal. Rules of Court 7.955(a)(1).

Plaintiffs' counsel seeks $1,250 in attorney fees from the proceeds of each Minor Plaintiff's settlement. ECF No. 21-2. This amount is 25% of each minor's gross settlement amount of $5,000. No other costs will be deducted from either Minor Plaintiff's settlement proceeds. ECF No. 21-2. Because the $1,250 fee meets the historic cap of 25%, the Court finds the fee is presumptively reasonable. The Court also finds that Plaintiffs' proposal that hard costs be deducted only from Plaintiff Mande Tipton's settlement is fair and reasonable and further bolsters a finding that the proposed settlement is in Minor Plaintiffs' best interests. Therefore, the Court finds the request for attorney fees in the amount of $1,250 from each Minor Plaintiff's settlement amount of $5,000 is reasonable and does not suggest that the settlement is unfair.

### IV. CONCLUSION

For the reasons discussed above, after reviewing Plaintiffs' Petition for Approval of Minor's Compromise of Claims and supporting documents (ECF No. 21), the Court finds that the proposed settlement of Minor Plaintiffs' claims of $5,000 each, with a net recovery of $3,750 to each of them, is fair and reasonable and **GRANTS** the Petition. Accordingly, the Court **ORDERS** that the settlement funds be disbursed as follows, in accordance with the parties' Proposed Settlement (ECF No. 21-2 ¶¶ 8–12):

1. The Court approves of the gross settlement amounts of $5,000 for each C.T. and L.T.
2. The Court approves Plaintiffs' proposed method of distribution of the settlement proceeds. Minor Plaintiffs' settlement proceeds shall be delivered to the parents of the minors, without bond, on the terms and conditions specified in Cal. Prob.

Code §§ 3401–3402.

3. The Court approves Plaintiffs' request that $1,250 be deducted from each Minor Plaintiff's gross settlement recovery for the payment of attorney fees to Plaintiffs' counsel.

**IT IS SO ORDERED.**

Dated:  October 4, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge